WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Gentry Dee Deel,

    Petitioner,

v.

United States of America,

    Respondent.

No. CV-16-08136-PCT-GMS
No. CR-06-01147-PCT-GMS

**ORDER**

Pending before the Court is Petitioner Gentry Dee Deel's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. On July 2, 2018, Magistrate Judge James Metcalf issued a Report and Recommendation ("R&R") which recommends that the motion be granted. (Doc. 43). Because intervening authority from the Ninth Circuit makes Deel's motion untimely, the Court must reject the R&R and deny Deel's Motion.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for petitions filed under 28 U.S.C. § 2255, which runs from the latest of four possible dates. Two of those dates are relevant to Deel's Motion. Typically, the one-year statute of limitations runs from "the date on which the judgment of conviction becomes final." *Id.* (f)(1). Because Deel's conviction became final in 2009, his current motion is not timely under that measure. But § 2255 also recognizes that the statute of limitations may also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

made retroactively applicable to cases on collateral review." *Id*. (f)(2). Deel argues that because the Supreme Court recently recognized a new right in *Johnson v. United States*, 135 S. Ct. 2551 (2015), he may now bring his petition for relief under § 2255.

The Ninth Circuit's recent decision in *United States v. Blackstone*, 903 F.3d 1020 (9th Cir. 2018) controls the outcome of this case. There, the Ninth Circuit held that "[t]he Supreme Court has not recognized that § 924(c)'s residual clause is void for vagueness in violation of the Fifth Amendment." *Id*. at 1028. Because that is the exact right that Deel seeks to assert here, the Court must deny his petition for relief under § 2255 as untimely.

And because the Ninth Circuit's recent decision in *Blackstone* creates a plain procedural bar, the Court will not issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present . . . a reasonable jurist could not conclude . . . that the petitioner should be allowed to proceed further.")

**IT IS THEREFORE ORDERED** that Magistrate Judge Metcalf's R&R (Doc. 43) is rejected.

**IT IS FURTHER ORDERED** that Deel's Motion to Vacate or Set Aside under § 2255 (Doc. 1) is **DENIED AND DISMISSED WITH PREJUDICE**.

**IT IS FUTRHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 12th day of February, 2019.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge